UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED: NOV 1 9 2014**

---

MICHAEL J. NOBLE,

              Petitioner,

       -against-

US FOODS, INC.,

              Respondent.

---

No. 14-cv-7743-RA

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

In this action, Petitioner Michael J. Noble moves to partially vacate, modify, or correct an arbitration award (the "Motion to Vacate"). Respondent US Foods, Inc. cross-moves to transfer Noble's action to the United States District Court for the Northern District of Illinois (the "Illinois Court"), or, in the alternative, to dismiss Noble's action ("Motion to Transfer"). Concurrently, before the Illinois Court, US Foods has petitioned to confirm and enforce the same arbitration award (the "Petition to Confirm") and Noble has moved to dismiss, transfer (to this Court), or stay US Foods' petition.

US Foods' Motion to Transfer presents a threshold issue: whether Noble's motion is properly heard before this Court or the Illinois Court. For the reasons that follow, this Court holds, without deciding the merits of the motions before it, that under the "first-to-file" rule, the Illinois Court should decide which forum will hear the Motion to Vacate and Petition to Confirm. The Court therefore stays all proceedings before it pending a decision by the Illinois Court.

## BACKGROUND

The dispute between Noble and US Foods encompasses a detailed history. Only the facts relevant to this Opinion and Order are recounted here.

US Foods is a foodservice distributor with its principal place of business in Rosemont, Illinois. (Respondent's Mem. in Support of Motion to Transfer ("Resp.'s Br.") at 4.) In the immediate period leading to this dispute, Noble was US Foods' Senior Vice President of Shared Services in Phoenix, Arizona. (Farren Decl. Tab A at ¶ 3.) On November 16, 2007, US Foods and Noble entered into a Management Stockholder's Agreement ("MSA"). (Resp.'s Br. at 4.) The MSA includes an arbitration clause which provides that "any controversy among the parties hereto arising out of, or relating to, this Agreement which cannot be settled amicably by the parties . . . shall be finally, exclusively and conclusively settled by mandatory arbitration . . . ." (Farren Decl. Tab B at MSA § 17(b).)

On December 11, 2012, US Foods terminated Noble's employment. (Resp.'s Br. at 4.) Pursuant to the MSA, on May 15, 2013, US Foods filed a demand for arbitration against Noble, asserting various claims, including breach of contract and breach of fiduciary duty. (Resp.'s Br. at 10.) Noble asserted counterclaims in the arbitration against US Foods, including whistleblower claims and claims for breach of contract, conversion, and securities fraud. (Farren Decl. Tab H.)

Also on May 15, 2013, US Foods filed a complaint in the Illinois Court against Noble asserting claims arising from the same facts leading to the arbitration and seeking preliminary and permanent injunctive relief.[1] (See Bertram Decl. Ex. F.) US Foods then moved the Illinois Court to expedite discovery and Noble moved to dismiss the complaint or, in the alternative, to stay the action pending the mandatory arbitration. (Bertram Decl. ¶ 4.) On November 4, 2013, the court denied the motion to expedite discovery because the arbitrator had "allowed fulsome discovery" and kept Noble's motion to dismiss or stay open. Order, US Foods, Inc. v. Noble, No. 13-cv-3640 (N.D. Ill. Nov. 4, 2013), Dkt. 45.

---

[1] In the same action, US Foods also asserted claims against Phillip G. Roszak, another former employee. Roszak has various motions pending before the Illinois Court but is not a party to the action before this Court.

At a status hearing on December 16, 2013, the Illinois Court ordered the parties to inform the court of the status of the arbitration at the next status hearing and held Noble's pending motion in abeyance. Minute Entry, US Foods, Inc. v. Noble, No. 13-cv-3640 (N.D. Ill. Dec. 16, 2013), Dkt. 50. On January 30, 2014, the parties reported that they expected an arbitration ruling in April. Minute Entry, US Foods, Inc. v. Noble, No. 13-cv-3640 (N.D. Ill. Jan. 30, 2014), Dkt. 51.

At the next status hearing, on April 22, counsel for US Foods stated that "we do anticipate the arbitration being resolved . . . and hopefully that will obviate the need for the injunctive relief sought through the Northern District of Illinois proceeding." (Bertram Decl. Ex. G at 6.) When asked by Judge Wood if he agreed, counsel for Noble responded, "I agree with all of what she said as to the status. I don't know whether it obviates the need for your Honor's participation, because I envision two areas where your Honor may be called upon to participate. One would be to enter judgment on the arbitration award . . . ." (Id.) At the end of the status hearing, Judge Wood stated that she would "continue to hold the pending motions in abeyance. If I need to issue rulings on them after the arbitration is completed, I will do that." (Id. at 8.)

On July 24, 2014, the parties reported that the arbitrator had issued an award in favor of US Foods. (Bertram Decl. Ex. H at 8.) Judge Wood then denied Noble's motion to dismiss or stay as moot, (Id. at 10), and asked the parties if there were "any matters that you feel are left to be resolved by this Court[.]" (Id. at 8.) Counsel for US Foods stated her intention to "seek confirmation of the award in this court" and requested that "the matter be kept open for the confirmation proceeding." (Id.) When asked by Judge Wood if he had any objections, counsel for Noble stated that "my lack of objection doesn't mean we in any way agree to whatever is filed, but I don't have any objection to keeping the matter open." (Id. at 9.) Judge Wood then set another hearing for October 23, 2014, at which point she would "hear what the parties' thoughts are on

3

what, if anything, they intend to do with respect to the award." (Id. at 14.) The minute entry for this status hearing reads as follows: "This case shall remain open to permit enforcement, modification or vacation of the arbitration award." Minute Entry, US Foods, Inc. v. Noble, No. 13-cv-3640 (N.D. Ill. July 24, 2014), Dkt. 57.

On September 24, 2014, Noble filed the present action, moving to partially vacate, modify, or correct the arbitration award in this Court. One day later, US Foods filed its Petition to Confirm in the Illinois Court. (Bertram Decl. ¶ 7.) On October 9, 2014, Noble moved the Illinois Court to dismiss, transfer to this Court, or stay US Foods' petition. (Response and Motion to Dismiss, Transfer or Stay Petition to Confirm and Supporting Mem. of Law, US Foods, Inc. v. Noble, No. 13-cv-03640 (N.D. Ill. Oct. 9, 2014), Dkt. 64.) Also on October 9, 2014, US Foods filed its Motion to Transfer Noble's Motion to Vacate in this Court.

## DISCUSSION

US Foods argues that Noble's Motion to Vacate should be transferred pursuant to the first-to-file rule. (Resp.'s Br. at 13-16.) The first-to-file rule provides that "[a]s a general rule, where there are two competing lawsuits, the first suit should have priority" absent a showing that the "balance of convenience" or "special circumstances warrant giving priority to the second suit." Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 274-75 (2d Cir. 2008) (internal quotation marks omitted). The rule "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." Id. at 275 (internal quotation marks omitted). It is "based on principles of judicial economy and comity," Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 555 (S.D.N.Y. 2000). The first-filed rule "requires a substantial overlap between the cases, in that they have identical or substantially similar parties and claims." Am. Steamship Owners Mut. Prot. and Indem. Assoc.,

4

Inc. v. LaFarge N. Am., Inc., 474 F. Supp. 2d 474, 481 (S.D.N.Y. 2007), aff'd sub nom. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102 (2d Cir. 2010) (internal quotation marks omitted).

Here, because this Court and the Illinois Court are presented with mirror-image motions to transfer the dueling motions to vacate and confirm the arbitration award – actions which are "essentially identical," Concourse Beauty Sch., Inc. v. Polakoy, 685 F. Supp. 1311, 1315 (S.D.N.Y. 1988) (quoting Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2d Cir. 1986)) – independent application of the first-filed rule could result in simultaneous rulings that conflict with one another. In order to avoid the inconsistency and confusion that such rulings would cause, this Court must first consider the threshold issue of which court has authority to determine whether and how the first-filed rule applies and, ultimately, where the issues will be adjudicated.

The courts of this district have adopted a "bright-line rule" that "[t]he court before which the first-filed action was brought determines which forum will hear the case." MSK Ins., Ltd. v. Employers Reinsurance Corp., 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002); see also Pem Am., Inc. v. Lambert, No. 03-cv-3706-JFK, 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003) ("In order to avoid conflict and confusion, the courts of this district, guided by Second Circuit case law, have adopted the bright-line rule that the court in which the action was filed has the right and responsibility to decide whether the first[-]filed rule or an exception thereto applies."). "Although this bright-line rule is largely identical to and rooted in the first[-]filed rule, it does not provide for any special exceptions. It is a straight-forward rule to be applied in a rote manner." [2] Pem Am., Inc., 2003 WL 22383369, at *2.

---

[2] The court that is determined to be the forum of the first-filed action will conduct the full first-to-file analysis, including consideration of any exceptions to the rule. See Pem Am., Inc., 2003 WL 22383369, at *2 (question of

The application of the bright-line rule is not quite so "straight-forward" in this case, however, because the parties disagree about which action should be considered the first-filed. US Foods argues that its original Illinois action, commenced on May 15, 2013, predates Noble's action, filed in this Court on September 24, 2014, and is thus the first-filed action. (Resp.'s Br. at 15.) Noble responds that US Foods' initial complaint was not a post-arbitration proceeding to confirm or vacate the arbitration award and that the "Illinois action was *not* . . . even an action that had anything to do with the New York arbitration." (Pet.'s Mem. of Law in Support of His Response to Motion to Transfer ("Pet.'s Br.") at 4-5.) Therefore, Noble argues, since his Motion to Vacate was the first post-arbitration filing – beating US Foods' Petition to Confirm by one day – Noble was the first to file.[3] (Id. at 6.) The Court disagrees.

US Foods was the first to file in this matter. Its complaint, filed in the Illinois Court on May 15, 2013 – the same day it filed its demand for arbitration and over one year prior to Noble's filing – involved the same underlying facts at issue in the arbitration. Further, notwithstanding the arbitration, the Illinois Court never relinquished jurisdiction over the matter or the parties, but rather stayed the proceedings pending the conclusion of the arbitration in contemplation of the fact that it may be asked to "enter judgment on the arbitration award" or issue other rulings "after the arbitration is completed . . . ." (Bertram Decl. Ex. G at 6, 8.); see QVC, Inc. v. Patiomats.com, LLC, No. CIV.A. 12-3168, 2012 WL 3155471, at *3 (E.D. Pa. Aug. 3, 2012) ("the first-filed rule

---

whether exceptions to the first-filed rule apply "must ultimately be resolved, [but] it is not the question before this Court at this time. Rather, a much more fundamental and procedural question must first be addressed: which court, the Southern District of New York or the Northern District of Illinois, should consider the applicability of the first filed rule and whether an exception to the rule exists.")

[3] Noble also advances the argument that the parties' arbitration agreement and the Federal Arbitration Act mandates that any post-arbitration proceedings take place in New York. (See Pet.'s Br. at 2.) Since this same argument is also before the Illinois Court, this Court will not reach the issue, pursuant to the first-filed rule. In addition, Noble argues in his briefs before the Illinois Court that the Illinois Court does not have subject matter jurisdiction over US Foods' Petition to Confirm. That issue was not raised before this Court and shall be left to the Illinois Court to decide.

applies even if the first-filed action has been stayed pending arbitration"). The Court thus declines to accept Noble's characterization that the Illinois action "was *not* . . . even an action that had anything to do with the New York arbitration." (Pet.'s Br. at 5.)

Other courts have held likewise in analogous situations. In Denver & Rio Grande Western R. Co. v. Union Pacific R. Co., 868 F. Supp. 1244, 1251 (D. Kan. 1994), aff'd, 119 F.3d 847 (10th Cir. 1997), for example, the court held that the original complaint, rather than the first post-arbitration motion, was the first-filed. After the plaintiff first filed suit in the District of Kansas, the Kansas court stayed the proceedings pending the conclusion of arbitration. Id. at 1246. Following arbitration, on July 22, 1994, the defendant filed an action to enforce the arbitration award in the Eastern District of Missouri. Id. at 1247. On August 19, 1994, the plaintiff filed its motion to vacate the award in the District of Kansas. Id. In response to the argument that the Missouri action was the first-filed, the Kansas court stated that "this action was filed long before [the defendant] filed its action in the . . . Eastern District of Missouri." Id. at 1251. The court also noted that "[t]his matter was filed with this court 18 months before the arbitrator issued his award. . . . [J]udicial economy is not served by requiring the parties now to take their dispute to another district." Id. at 1250.

Similarly, in Todd Shipyards Corp. v. Cunard Line Ltd., 708 F. Supp. 1440, 1441, 1447-48 (D.N.J. 1989), the court found that the originally commenced suit, filed on June 18, 1984 in the Northern District of California, was the "prior pending action" to which priority in venue should be accorded. After the parties stipulated that the matter should be stayed pending arbitration, the California court entered the stay and the parties proceeded to arbitration. Id. at 1441-42. On January 18, 1989, the plaintiff filed a motion to confirm the arbitration award in the California court while the defendant filed a motion to vacate in the District of New Jersey. Id. at 1444.

7

The New Jersey court began its venue analysis by stating that "[t]he dispute between [the plain-tiff] and [the defendant] began when [the plaintiff] commenced a lawsuit in the Northern District of California . . . ; that lawsuit has been pending ever since." Id. at 1444. The court noted that "[i]mplicit in [the stipulation to arbitrate] was the understanding that once the arbitration con-cluded with an award, any further court proceedings on the award would be conducted in that action. Any contrary understanding would have rendered the stay meaningless."[4] Id. at 1448. Moreover, the California court had been actively involved in the pending case, having heard is-sues relating to the arbitration "on at least two formal occasions and, as well, through periodic telephone conferences among counsel and the judge." Id. The court concluded that litigating in New Jersey would "result in a definite waste of judicial resources to the extent [the California court] has already developed a familiarity with this litigation." Id.; see also Hetherington & Berner, Inc v. Melvin Pine & Co, 256 F.2d 103, 107 (2d Cir. 1958) ("the application to confirm the award . . . was ancillary to and a continuation of the earlier suit in which . . . a stipulation of the parties had been filed. The parties clearly contemplated that judgment on the arbitrators' award would be entered in the federal court where they already were . . . .").

Here, "[t]he dispute between [US Foods] and [Noble] began when [US Foods] commenced a lawsuit in the Northern District of [Illinois]" and "has been pending ever since." Todd, 708 F. Supp. at 1444. As in Todd and Union Pacific, the court in which the original action was filed – the Illinois Court – stayed the proceedings pending arbitration and retained its jurisdiction to enter judgment on the arbitration award. See also LaPrade v. Kidder Peabody & Co., 146 F.3d 899, 903

---

[4] During arbitration, the defendant instituted an action in the District of New Jersey seeking a judicial deter-mination of a disputed issue. Id. at 1442-43. The New Jersey court, before a different judge, ordered the action transferred to the California court, "where it should be decided in the first instance," because it was "clear . . . that when that stipulation [to arbitrate] was entered it was in contemplation of arbitrating and then going back before [the Northern District of California]. So that you would get a confirmation of an award . . . ." Id. at 1443.

(D.C. Cir. 1998) (district court stayed proceedings pending arbitration but retained jurisdiction over the issues arising from the arbitration proceeding); cf. Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) (a court which orders arbitration or issues an equivalent order, such as denying a stay of arbitration, retains the power to enter judgment on the award).

Moreover, the record before the Illinois Court makes plain that Noble and US Foods "clearly contemplated that judgment on the arbitrators' award would be entered in the federal court where they already were . . . ." Hetherington & Berner, 256 F.2d at 107. Like the California court in Todd, the Illinois Court here has conducted periodic telephone conferences among counsel and the judge specifically regarding the arbitration, as well as possible actions subsequent to it. Todd, 708 F. Supp. at 1448; (see Bertram Decl. Ex. G at 6 (counsel for Noble stating, "I envision two areas where [the Illinois Court] may be called upon to participate [post-arbitration]. One would be to enter judgment on the arbitration award . . . .").); (Bertram Decl. Ex. H at 9 (counsel for Noble stating that, "I don't have any objection to keeping the matter open [for post-arbitration purposes]").) Accordingly, the minute entry for the July 24, 2014 status hearing explicitly states that "[t]his case shall remain open to permit enforcement, modification or vacation of the arbitration award." Minute Entry, US Foods, Inc. v. Noble, No. 13-cv-3640 (N.D. Ill. July 24, 2014), Dkt. 57.

It was therefore at least "implicit" that "once the arbitration concluded with an award, any further court proceedings on the award would be conducted in that action." Todd, 708 F. Supp. at 1448; see also Smiga, 766 F.2d at 706 ("It would of course appear wasteful for [the Northern District of Illinois], already having jurisdiction . . . , to be required to dismiss the action, making the prior stay a meaningless act and compelling [the arbitration victor] to sue in New York to

9

confirm the award." (quoting <u>NII Metals Servs., Inc. v. ICM Steel Corp.</u>, 514 F. Supp. 164, 166 (N.D. Ill. 1981))).

 Consistent with principles of judicial economy, Noble's Motion to Vacate should, at least for purposes of this initial inquiry, be considered a "continuation of the earlier suit," <u>Hetherington & Berner</u>, 256 at F.2d at 107, which was first filed by US Foods on March 15, 2013 in Illinois. This Court therefore defers to the Illinois Court's determination of where the claims should be litigated.  Accordingly, the proceedings before this Court are stayed pending the Illinois Court's decision.[5]  Within ten days of any such decision, the parties shall submit to this Court a joint letter regarding the status of the case and proposed additional briefing or proceedings, if any.


SO ORDERED.

Dated: November 19, 2014
   New York, New York

           Ronnie Abrams
           United States District Judge

---

[5] Noble's pending request for oral argument regarding his Motion to Vacate is also stayed.  In addition, Noble's request for a sur-response to the dismissal portion of US Foods' reply brief in support of its Motion to Transfer, (Pet.'s Br. at 10), will be addressed if and when the stay is lifted.